**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | No. CR 15-742-TUC-CKJ |
| vs. | ) | |
| | ) | **ORDER** |
| Ryan Galal VanDyck, | ) | |
| Defendant. | ) | |

Pending before the Court are the Motion for New Trial (Doc. 216) and the Motion for Discovery (Doc. 217) filed by Defendant Ryan Galal VanDyck ("VanDyck"). The government has filed responses (Docs. 221 and 222) and VanDyck has filed a reply (Doc. 228). VanDyck has requested an evidentiary hearing as to the Motion for New Trial.

Fed.R.Crim.P. 33 allows the Court to order a new trial "if the interest of justice so requires." Although a court's power to grant a motion for a new trial is "much broader than its power to grant a motion for judgment of acquittal," it may not grant the motion unless it finds that "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict" such that "a serious miscarriage of justice may have occurred." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citation omitted); *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992). However, the "burden of justifying a new trial rests with the defendant." *United States v. Saya*, 101 F.Supp.2d 1304, 1307 (D.Hawai'i 1999) (citing *United States v. Shaffer*, 789 F.2d 682, 687 (9th Cir. 1986)). "[T]he government bears the burden of proving beyond a reasonable doubt that an error was harmless." *United States v. Benamor*, 925 F.3d 1159,

1166 (9th Cir. 2019) (citation omitted).

The applicable rule also states:

**(b) Time to File.**

**(1) Newly Discovered Evidence.** Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

**(2) Other Grounds.** Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty.

Fed.R.Crim.P. 33. The Ninth Circuit has stated:

To prevail on a Rule 33 motion for a new trial based on newly discovered evidence, a defendant must satisfy a five-part test: "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal."

*United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (citing *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991); *see also United States v. Brugnara*, 856 F.3d 1198, 1206 (9th Cir. 2017).

In this case, VanDyck presents information that the detective who obtained the search warrant may have had reason to know of information which contradicted statements included in the affidavit in support of the application for the search warrant. Specifically, Detective Daniel Barry averred in the September 2014 search warrant affidavit that child pornography collectors typically retain the child pornography, prefer not to be without their child pornography for any prolonged period of time, and may store digital media in online locations. However, FBI special agent Eric Campbell testified in an unrelated matter in October 2016 that he had seen a recent change in how child pornography defendants maintain their collections. VanDyck summarizes:

Agent Campbell explained that "typically older individuals who live by themselves . . . maintain those very large collections over years and years." [*United States v. Rusnak*, No. 4:15-CR-00894-JCZ (D. Ariz.), CR 130 (RT 10/27/16) at 48]. But in recent years, agents had seen "a lot more" of what he termed "download and deleters." *Id*. According to Agent Campbell, "[e]specially as Internet speeds get faster, as our defendants or the subjects of our investigations get younger and more familiar with technology, they are less likely to hold on to large collections." *Id*. He

said "younger people using these more high-speed technologies, they don't do that. They delete their stuff. They clean up after themselves, and they know they can go back and get it again." *Id*. Agent Campbell also said that law enforcement "can't recover things that have been cleaned up, typically." *Id*. at 47.

Motion for New Trial (Doc. 216, p. 7). VanDyck argues that, if Detective Barry knew, or should have known, of the recent trend in 2014, there would not have been a substantial basis to believe that the image would still be present at the VanDyck residence at the time of the search warrant application and the warrant would probably not have been issued. In support of his argument, VanDyck also points out that Agent Campbell worked with Detective Barry on this case and Detective Barry has received extensive training in this area.[1] VanDyck argues neither the state judge nor this Court would probably have issued the warrants in this case if this information had been presented. Further, VanDyck argues that, if this Court had known of this information at the time of the suppression hearing, it probably would have granted the motion to suppress for lack of probable cause to support the search warrant.

The government argues, however, the information is not newly discovered evidence. The government points out that Agent Campbell did not testify that younger child pornography consumers using the internet did not maintain collections of child pornography, nor did he participate in obtaining a search warrant in this case. Agent Campbell's testimony was approximately two years after the warrant was obtained in this case and Detective Barry even testified in this case that the internet is always changing. The government asserts, "the affidavit was based on the information [that] was known to Detective Barry on September 3, 2014; not the information learned by a different agent working in a different agency two years later. This is not new evidence." Response (Doc. 222, p. 9).

At a defendant's request, the government is to disclose documents within the government's possession, custody, or control and which are material to preparing the defense. Fed.R.Crim.P. 16(a)(1)(E). Rule 16 grants defendants "a broad right of discovery," which

---

[1] Since 2011, when Detective Barry became a detective in the Internet Crimes Against Children unit, he received over 450 hours of training in the area, and every year he attends approximately 50 to 75 hours of additional training.

includes both exculpatory and inculpatory evidence that is relevant to the defense. *United States v. Muniz–Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013); *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). Unlike material required to be disclosed pursuant to *Brady v. Maryland*, 373 U.S. 83, 87 (1963), a "defendant must make a threshold showing of materiality" to compel discovery under Rule 16. *Muniz–Jaquez*, 718 F.3d at 1183. This requires a defendant to "make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *Doe*, 705 F.3d at 1150 (quoting *United States v. Stever*, 603 F.3d 747, 752 (9th Cir.2010)). General descriptions and conclusory allegations are insufficient to compel discovery under Rule 16. *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir.1995) (quoting *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

For example, in *Stever*, the defense articulated specific reasons why it requested documents, including officer training materials, regarding Mexican drug trafficking organizations ("DTOs").[2] The Ninth Circuit determined that the evidence, if it existed, would make it more probable that someone (i.e., members of the Mexican drug trafficking organization) other than the Stevers grew the marijuana at issue in that case. The appellate court stated:

> The district court is not free to dismiss logically relevant evidence as speculative: "[I]f the evidence [that someone else committed the crime] is in truth calculated to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative and fantastic but should afford the accused every opportunity to create that doubt."

603 F.3d at 754 (citations omitted).

---

[2] The defense asserted the documents "could rebut the inference that the owners of the property must have been involved in the marijuana operation, because they would demonstrate that Mexican DTOs have grown marijuana by trespassing on large tracts of public and private land . . . without the knowledge of the owners[,]" the documents could "buttress the inference that this particular marijuana operation was the work of a Mexican DTO by demonstrating that operations run by Mexican DTOs have several distinctive characteristics in common with this operation[,]" and "the documents could corroborate Stever's evidence that Mexican DTOs are secretive and familial and so are unlikely to have involved a local Caucasian in their operations." 603 F.3d at 752.

Here, VanDyck requests disclosure of any and all information relating to "Detective Barry's training in [the use of the internet in child pornography crimes, including whether younger individuals retain images of child pornography] and if or when he learned, from any source, of the information to which Agent Campbell testified in the *Rusnak* case." Motion for New Trial (Doc. 216, p. 16); *see also* Motion for Discovery (Doc. 217, p. 1). The Court finds VanDyck has established the potential evidence is material, has set forth a good faith basis warranting an opportunity to develop/locate such evidence, and is entitled to discovery relating to his Motion for New Trial.

The Court finds training documents and other materials may provide information as to if and when Detective Barry may have learned of the recent trend discussed by Agent Campbell. Further, the Court finds VanDyck has established that exceptional circumstances exist and in the interest of justice a deposition of Detective Barry is warranted. *See* Fed.R.Crim.P. 15(a). The Court, therefore, will grant the Motion for Discovery and defer ruling on the Motion for New Trial. However, the Court will limit the time period for the training documents and other materials.

Accordingly, IT IS ORDERED:

1. The Motion for Discovery (Doc. 217) is GRANTED.

2. The government shall disclose documents regarding Detective Barry's training regarding child pornography crimes as to whether younger individuals retain images of child pornography and if or when he learned, from any source, of the information to which Agent Campbell testified in the *Rusnak* case. The training documents for Detective Barry from September 2013 through October 2016, and any other materials from which Detective Barry may have learned of the information shall be provided to VanDyck on or before December 6, 2019.

3. VanDyck may depose Detective Barry as to if and when he learned, from any source, of the information to which Agent Campbell testified in the *Rusnak* case. The deposition shall take place at a location and on a date that is mutually agreeable to the parties and the witness.

4. VanDyck may file any supplement to his Motion for New Trial on or before December 23, 2019; the government may file any supplement to its response to the Motion for New Trial on or before January 10, 2020.

DATED this 6th day of November, 2019.

_____
Cindy K. Jorgenson
United States District Judge