**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) No. CR 15-742-TUC-CKJ |
| vs. | ) |
| | ) **ORDER** |
| Ryan Galal VanDyck, | ) |
| Defendant. | ) |

Pending before the Court is the Motion for New Trial (Evidentiary Hearing Requested) (Doc. 216) filed by Defendant Ryan Galal VanDyck ("VanDyck"). The government has filed a response (Doc. 222), and VanDyck has filed a reply (Doc. 228).[1]

As the Court stated in its November 7, 2019, Order:

> Fed.R.Crim.P. 33 allows the Court to order a new trial "if the interest of justice so requires." Although a court's power to grant a motion for a new trial is "much broader than its power to grant a motion for judgment of acquittal," it may not grant the motion unless it finds that "despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict" such that "a serious miscarriage of justice may have occurred." *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (citation omitted); *United States v. Alston*, 974 F.2d 1206, 1211-12 (9th Cir. 1992). However, the "burden of justifying a new trial rests with the defendant." *United States v. Saya*, 101 F.Supp.2d 1304, 1307 (D.Hawai'i 1999) (citing *United States v. Shaffer*, 789 F.2d 682, 687 (9th Cir. 1986)). "[T]he government bears the burden of proving beyond a reasonable doubt that an error was harmless." *United States v. Benamor*, 925 F.3d 1159, 1166 (9th Cir. 2019) (citation omitted).

November 7, 2019, Order. (Doc. 229).

---

[1] The Court provided VanDyck an opportunity to file a supplement to his Motion for New Trial following court-ordered discovery (Doc. 229). VanDyck has filed a statement indicating no supplement will be filed (Doc. 244).

Where a motion for new trial is based on newly discovered evidence, a "defendant must satisfy a five-part test: '(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence must indicate that a new trial would probably result in acquittal.'" *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (citing *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991); *see also United States v. Brugnara*, 856 F.3d 1198, 1206 (9th Cir. 2017).

The Ninth Circuit has summarized:

> Brady evidence is material if the admission of the suppressed evidence would result in a "reasonable probability" of an acquittal. [*Kyles v. Whitley*, 514 U.S. 419, 421–22 (1995)], "a probability sufficient to undermine confidence in the outcome of the trial." *United States v. Price*, 566 F.3d 900, 911 (9th Cir. 2009) (citing *United States v. Bagley*, 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (plurality)) (internal quotation marks omitted). In contrast, the bar for materiality in a Rule 33 claim is higher. To win a new trial based on newly-discovered evidence, the defendant must show, among other requirements, that "the new evidence is not merely . . . impeaching;" and that it "would probably produce an acquittal." *United States v. Jackson*, 209 F.3d 1103, 1106 (9th Cir. 2000).

*United States v. Miller*, 953 F.3d 1095, 1107 n. 18 (9th Cir. 2020)

VanDyck alleges there is reason to believe Detective Daniel Barry knew at the time he prepared the search warrant affidavit of a recent trend of child pornography defendants. Specifically, such defendants who are younger and/or more familiar with technology tend to download and then delete material. In these circumstances, law enforcement may not be able to recover the material. This would contradict Detective Barry's averment in the September 2014 search warrant affidavit that child pornography collectors typically retain the child pornography, prefer not to be without their child pornography for any prolonged period of time, and may store digital media in online locations. This allegation is based on testimony given by Agent Eric Campbell in the fall of 2016 in a separate case. Further, the government asserts, VanDyck has mischaracterized Agent Campbell's testimony.

VanDyck argues that, if Detective Barry knew, or should have known, of the recent trend in 2014, there would not have been a substantial basis to believe that the image would

1 still be present at the VanDyck residence at the time of the search warrant application and
2 the warrant would probably not have been issued. In support of his argument, VanDyck also
3 points out that Agent Campbell worked with Detective Barry on this case and Detective
4 Barry has received extensive training in this area. VanDyck argues neither the state judge
5 nor this Court would probably have issued the warrants in this case if this information had
6 been presented. Further, VanDyck argues that, if this Court had known of this information
7 at the time of the suppression hearing, it probably would have granted the motion to suppress
8 for lack of probable cause to support the search warrant.

9       VanDyck was provided with disclosure regarding training documents and other
10 materials relating to Detective Barry's training in the use of the internet in child pornography
11 crimes, including whether younger individuals retain images of child pornography and if or
12 when he learned, from any source, of the recent trend in child pornography cases. Further,
13 VanDyck was allowed to depose Detective Barry. (Doc. 229).

14       However, VanDyck has not provided any basis other than speculation that Detective
15 Barry knew or should have known of the recent trend in child pornography cases in 2014,
16 two years before Agent Campbell's testimony at issue herein. Therefore, this speculation
17 does not provide any basis to conclude that, at the time of the search, the information
18 provided by Detective Barry was incorrect. In other words, it does not undermine the
19 warrant application or evidence presented at trial. *United States v. Harrington*, 410 F.3d 598,
20 600-601 (9th Cir. 2005). The Court finds this "evidence" is not material. *Id.*

21       Moreover, this speculation "would have served as impeachment evidence at most[.]"
22 *Miller*, 953 F.3d at 1107. Indeed, based on the date of Agent Campbell's testimony, it is
23 speculative this "evidence" would even serve to impeach Detective Barry's testimony or
24 affidavit in support of the search warrant. For this same reason, the Court finds the
25 "evidence" does not indicate that a new trial would probably result in acquittal.

26       Further, this speculative evidence does not undermine the warrant application because
27 VanDyck has not shown Detective Barry "knowingly and intentionally, or with reckless
28 disregard for the truth, made false or misleading statements or omissions in support of the

warrant application." *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017); *see also United States v. Bosse*, 898 F.2d 113, 114, 116-17 (9th Cir. 1990) (motion for new trial and motion to suppress evidence may be granted where newly discovered evidence indicates warrant may have been tainted by an earlier illegal entry). Further, VanDyck has not shown that the affidavit purged of alleged falsities supplemented by the omissions would not be sufficient to support a finding of probable cause. *United States v. Stanert*, 762 F.2d 775, 780 (9th Cir. 1985). Where a defendant fails to make these showings, a *Franks* hearing is not required. *Id.*; *see also Franks v. Delaware*, 438 U.S. 154 (1978). The Court finds VanDyck has not shown a *Franks* hearing is warranted; therefore, VanDyck's requested basis for a new trial is without merit.

VanDyck also requests a new trial because the alleged new evidence constitutes *Brady* material. *See Brady v. Maryland*, 373 U.S. 83 (1963). The Ninth Circuit has summarized:

> There are three components of a Brady violation: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

*United States v. Price*, 566 F.3d 900, 907 (9th Cir. 2009). In this case, it is not clear the "newly discovered evidence" even constitutes impeachment material. The search warrants were obtained approximately two years before Agent Campbell provided his testimony in a separate case. Moreover, because the testimony occurred so much later and in a separate case, there is no basis to conclude the government, either willfully or inadvertently suppressed the information. Lastly, no prejudice has resulted from the alleged suppression. Knowledge of a trend occurring approximately two years after the warrants were obtained would not have changed either the probable cause determination or the verdict in this case.

Accordingly, IT IS ORDERED the Motion for New Trial and request for evidentiary hearing (Doc. 216) are DENIED.

DATED this 10th day of June, 2020.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge

- 4 -